*The State, to the use of Menard,* vs. *Pratte and St. Genome.*

THE STATE, FOR THE USE OF MENARD, *vs.* PRATTE AND ST. GENOME.

1. In an action on an administration bond, it is a good plea that the cause of action did not accrue within ten years.

2. The rule of law, that the State is not included with the statute of limitations, does not apply to suits on official bonds, taken in the name of the State, for the use of individuals.

ERROR to the St. Genevieve Circuit Court.

SCOTT *and* ZEIGLER, *for Plaintiff.*

COLE, *for Defendants...*

TOMPKINS, J., *delivered the opinion of the Court.*

This is an action brought by the governor, for the use of Pierre Menard, against Joseph Pratte and Auguste St. Genome, on an administration bond executed by said Pratte and St. Genome as securities, and Marie Therese St. Genome as principal, on the, tenth day of May, in the year 1824.

The declaration shows that the administratrix was dead, but does not show when she died. The defendants pleaded —

1. That the cause of action did not accrue within seven years.

2. That it did not accrue within ten years.

The plaintiff demurred to these pleas, and the Circuit Court sustained the demurrer to the first, and overruled that to the second plea.

If an executor or administrator die before the final settlement of the estate, the law contemplates, in case of there being but one, that letters of administration will be again granted to such persons as they would have been granted to if the original letters had not been obtained, &c.— Thirty-third section of the first article of the act respecting executors and administrators. And by the 36th section of the same act, an executor or administrator has only seven years to sue the securities of the deceased executor or administrator.— Pp. 44, 5, of the Digest of 1835.

This was the law when these letters were granted, and continues to be so.

If the law allows but seven years to the succeeding administrator to sue the original and his securities, or the security alone, if he be dead, it cannot be reasonably supposed that no lapse of time shall bar the right of creditors to sue the securities, when their principal has died in the full enjoyment of the administration of the rights and credits of the intestate. But it appears on the record, that the demand of this plaintiff stands proved on the record of the County Court of St. Genevieve county. This is, without doubt, the case, in most instances, when an administrator is removed for neglect of duty; and if it appear that he has failed

*The State, to the use of Menard,* vs. *Pratte and St. Genome.*

to pay accounts that have been long allowed, and has not accounted for his neglect, it is the best possible reason why he should be removed. And if the law require his successor to proceed against such removed administrator and his securities within seven years, it cannot reasonably be supposed that where the creditors have neglected to cause a successor to be appointed, that they should be barred from their right of action by no lapse of time. There is much better reason for limiting the right of the creditor to sue a security of a deceased administrator on the official bond, than for limiting the right of a successor to sue his predecessor and the securities. The deceased administratrix may have paid the demand which this plaintiff, in this action, has established in the County Court of Saint Genevieve county, and they may not be able to prove what she could easily have proved had she been living. She may have paid the demand in her lifetime, and have omitted to get a credit for such payment from the County Court. And if the law will not, after a lapse of seven years, admit a demand, by the successor against a preceding administrator removed for neglect of duty, it cannot be an unreasonable construction of our statute of limitations to say, that the creditors of the intestate shall be precluded, after a lapse of ten years, from proceeding against the securities of this deceased administratrix.

At what time this right of action may have accrued, it is no part of the duty of this Court to inquire: it is sufficient to say, that the demurrer admits that it did not accrue within ten years. It must not be supposed that this Court means to say that a suit cannot be commenced on an administrator's bond more than ten years after its date. The right of action may not accrue for years after the execution of the bond; for instance, it might possibly occur that the administratrix could not, in her lifetime, even obtain money, or, for anything appearing on the record, she may have died more than ten years before the commencement of this suit, and the right of action may have accrued in her lifetime.

It was objected, that this bond is like one given to the State, and that the statute of limitations does not run against the State.

The principle which prevents the statute of limitations from running against the State, does not apply to official bonds given to the State for the use of individuals, who may be aggrieved by the misconduct of those officers. In such cases, although the bond is nominally given to the State for the sake of convenience, yet, in reality, every cause of action on the bond, besides those the State may herself have, is a private concern, and not at all within the principle which, from consid-erations of policy, forbids the State to be barred by the statute of limitations from suing, in cases in which she herself, in her corporate capacity, may be interested. Montgomery *vs.* Hermandes, (12 Wheaton, 134,) shows that the statute of limitations on official bonds, given to the United States for the use of individuals, runs not from the giving of the bond, but from the breach of the condition; and although the condition of a marshal's bond is broken by his neglect to bring money into court directed to be brought in, or to pay it over to the party, yet, if the proceedings be suspended by appeal, so that the party injured has no right to demand the money, or to sue for the recovery of it, his right of action has not accrued so as to bar it, if not commenced within six years. This will illustrate what is said about

the right of action accruing on an administrator's bond.  The demurrer to the second plea was rightly sustained, and the judgment of the Circuit Court must be affirmed.

The cause will be remanded, and the plaintiff have leave to withdraw his demurrer, if he wish.