THE STATE, TO THE USE OF MORRISON'S ADMINISTRATOR, Appellant, v. ST. GEMME'S ADMINISTRATOR, Respondent.

1. No action on an administrator's bond will lie in favor of one claiming to be a creditor of the intestate's estate, until his demand against the estate has been established in some one of the ways prescribed by law; consequently the statute of limitations will not run in favor of the administrator in such a case until such demand is so established.

*Appeal from Ste. Genevieve Circuit Court.*

The facts sufficiently appear in the opinion of the court.
*Young*, for appellant.
*Frissell*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The plaintiff commenced his suit originally on the 26th August, 1839, and, having suffered a non-suit, brought the present action within the year, so that it may be considered, in reference to the statute of limitations, as commenced on that day. The beneficiary in it is Zeigler, administrator of Morrison, who, in his lifetime, recovered a judgment in the Ste. Genevieve Circuit Court, in November, 1829, against Madame St. Gemme, as administratrix of her late husband; and this judgment was afterwards, in April, 1830, exhibited in the County Court of Ste. Genevieve county, and there allowed and placed in its proper class for payment out of the assets of the estate. The present suit is against Lecompte, as administrator of Madame St. Gemme, upon her administration bond to the governor; and the petition, after suggesting the recovery and allowance of the debt against the estate, and that certain slaves of the estate came to her hands to be administered, which she had appropriated to her own use and died possessed of, charges substantially, as the breach of duty complained of, that she omitted to pay the debts of the deceased, as far as the assets in her hands extended. Upon a trial by the court, the facts found are, that Madame St. Gemme, on the 2d day of September, 1828, applied to the Ste. Genevieve County Court for leave to retain certain slaves out of the inventory of her husband's estate (where she had placed them), on the ground that they belonged to her under a marriage contract with her late husband, and that the court made the order accordingly, and that she ever afterwards, down to her death, openly claimed the ownership of them; and thereupon the court decided that the

plaintiffs' cause of action accrued at the time of this open claim of ownership, and that ten years having elapsed afterwards and before the commencement of the suit, it was bound by the statute of limitations, and the propriety of this decision is the question here for our determination.

Although an administrator's bond is given to the state or the governor, and must therefore be sued upon in the name of the formal party, it is substantially a bond to all who are legally interested in the proper discharge of the official duties it is intended to secure; and a suit upon it, for the use of any one, is substantially the suit of the beneficiary, and so treated by the courts. Hence, in the State, to the use of Menard, against Pratte, (8 Mo. 286,) upon an administrator's bond, it was holden, that the plaintiff's cause of action was bound by the lapse of ten years, notwithstanding the principle that the statute does not run against the State, on the ground that it was the suit of the beneficiary and not of the State. Again, in such a suit, it is not sufficient for the beneficiary to stop short upon showing some act of the administrator amounting to a breach of official duty; but he must go further, and show some legal right in himself affected by this alleged misconduct; otherwise he can not recover.

It is a settled principle in the construction of the statute of limitations, that the statute does not begin to run until there be persons in being *capable of suing* and *being sued*, according to the maxim of the Roman law, "*contra non volentem agere non currit prescriptio.*" Upon this principle, it was decided in Murray v. The East India Co., (5 Barn & Ald. 204,) that the statute did not begin to run against an obligation for the payment of money falling due after the death of the payee, until administration was granted; and so when the debtor dies before the debt falls due, the same rule applies; and in Montgomery v. Hernandez, (12 Wheat. 129, 2 Mart. 422,) the proceeds of a ship and cargo, in the hands of the the marshal, were ordered, by a decree in admiralty, to be restored to a party, and an appeal having been taken from this

order to the Supreme Court, it was decided that the cause of action against the marshal and his securities, upon his official bond, to recover this money, did not accrue to the party, within the meaning of the statute, during the pendency of the appeal.

With these elementary principles for our guide, the question now before us may be settled. We think the present plaintiff had no right to sue on this administration bond until his debt had been allowed against the assets in one or other of the modes then prescribed by law, either by a judgment against the administrator in a court of record, or by an allowance of the demand in the proper probate court. (R. C. 1825, tit. "Administration," sec. 52.) The judgment here against the estate was obtained in November, 1829, after the passage of the act of December 30, 1826, prohibiting the allowance of an execution upon such a judgment; and this judgment, we think, was necessary to clothe the plaintiff with the character of creditor of the assets, and to give him a legal right to sue for any waste of them by the administrator, and to recover the damages sustained by him in consequence thereof. Although the waste complained of may have been committed before the recovery of the judgment, the present plaintiff had no right to sue on account of it until his legal interest in the assets had been established in one or the other of the modes prescribed by law for that purpose. Until this was done, the administrator was not bound to apply the assets to the payment of the alleged debt, and it would seem, therefore, to follow, as a necessary consequence, that the creditor could not sue for the waste of assets in which he had not yet established any interest, and in this way be allowed to recover money out of a bond given as security for them, when the claim, upon being duly presented for judgment or allowance against the estate, might be finally rejected. It may be that other creditors have permitted their right to sue on the bond for this breach of duty to be barred by the statute; but as the present plaintiff, under the view we have taken of the law, had no right to his present suit until his claim against the estate had been established by the judgment

of November, 1829, against the administrator, and as ten years from that time had not elapsed at the commencement of the first suit, he is not concluded by the lapse of time. The lower court, however, fixing its attention, it would seem, exclusively upon the consideration of the question as to the time at which the cause of action accrued *against the defendant*, overlooked, in the hurry of the trial, the question as to the time at which it accrued *to the plaintiff*, and in this manner fell, we suppose, into the error suggested. The question decided by the Circuit Court need not, according to our view of the law, be determined in the present case, and we therefore decline expressing any opinion upon it. It is a question not free from difficulty, and it is left open for future decision, wholly untouched by the present opinion.

Judge Ryland concurring, the judgment is reversed, and the cause remanded for further proceedings.