## THE COUNTY OF POWESHIEK v. OGDEN.

The failure of a county judge to account for, and pay over to the county, moneys received by him, for the sale of town lots belonging to the county, is not the "omission of an official duty," in the sense in which those words are used in section 1659 of the Code. (WRIGHT, C. J., dissenting.)

The accounting for, and paying over moneys of the county, received by the county judge, are not enumerated by the Code, as among the official duties of that officer.   (WRIGHT, C. J., dissenting.)

Section 1659 of the Code, which provides that "actions against a sheriff or other public officer, growing out of a liability incurred by the doing of an act in an official capacity, or by the omission of an official duty, including the non-payment of money collected on execution, are barred within three years," must be applied to those causes of action growing out of the omission by the county judge of some official duty, *other* than the non-payment of money coming into his hands, by virtue of his office. (WRIGHT, C. J., dissenting.)

The plaintiff's right of action on the official bond of a county judge, conditioned for the payment of all moneys coming into his hands by virtue of his office, for the failure to pay over such money, is not limited by section 1659 of the Code, to three years from the time the cause of action accrued.   (WRIGHT, C. J., dissenting )

An action on the official bond of a county judge, where the breach alleged is that the said judge has not faithfully discharged some official duty, other than the failure to pay over to the county moneys received by him in an official capacity, must be brought within three years from the time the cause of action accrued.

Where in an action on the official bond of a county judge, which bond was conditioned that the said judge should "well and truly perform all the duties of his said office, and pay over all moneys coming into his hands by virtue of his office, and otherwise perform all the duties of his said office, according to law," the petition assigned two breaches, as follows: 1. That the said county judge at divers times, before and after the execution of the bond, and during his term of office, sold and conveyed a number of lots in the town of Montezuma, the property of the plaintiff, and received the purchase money therefor ; and has failed to account for, and pay over the same, to said county, as required by law;" 2. That the said judge has not faithfully discharged the duties of his office, in this : that he has illegally, and without authority granted and issued county orders and warrants to one W., and other persons not entitled to receive the same ; and where the defendant answered, pleading among other defenses, " that the said cause of action, if any there be, accrued more than three years before the commencement of this suit, and the same is barred by the statute"—to which answer the

plaintiff demurred, and the same was overruled by the court; *Held,* 1. That the demurrer as to the first breach alleged, should have been sustained, and as to the second, was properly overruled.

*Appeal from the Poweshiek District Court.*

THURSDAY, NOVEMBER 4.

This was a suit brought on the official bond of Ogden, as county judge of Poweshiek county. The bond is dated August 22, 1853, and is conditioned that, "the said Ogden shall well and truly perform all the duties of his said office, and pay over all moneys coming into his hands by virtue of his office, and otherwise perform all the duties of his said office according to law." The breaches assigned by the plaintiff, relate to the failure of the said Ogden to account for, and pay over, moneys belonging to the county, received by him as county judge, and the granting and issuing by him, of county warrants and orders illegally, and contrary to his known duty.

Among other defenses, the defendants answer, "that the said cause of action, if any there be, accrued more than three years before the commencement of this suit, and that the same is barred by the statute." A demurrer to this answer was overruled. Plaintiff appeals.

*W. H. & J. A. Seevers,* for the appellant.

*S. A. Rice,* Attorney General, (with whom was *William Loughridge*), for the appellee, cited *Ohio* v. *Blake et al.,* 2 Ohio, 147; *Mt. Pleasant Bank* v. *Conway,* 18 Ib., 234.

STOCKTON, J.*—The only question presented for our determination in this case, is whether the plaintiff's action is barred by the second clause of section 1659 of the Code, which provides that "actions against a sheriff, or other public officer, growing out of a liability incurred by the doing of an act in an official capacity, or by the omission

*WRIGH , C. J., dissenting.

of an official duty, including the non-payment of moneys collected on execution, are barred within three years."

The first breach assigned by the plaintiff's petition is, "that the said R. B. Ogden, at divers times, before and after the execution of the bond sued on, and during his term of office as county judge, sold and conveyed a number of lots in the town of Montezuma, the property of the plaintiff, and received the purchase money therefor, and has failed to account for, and pay over, the same to said county, as required by law."

We are of opinion that the failure of the defendant, Ogden, to pay over the money received by him for the sale of these lots, was not the omission of an official duty by him, in the sense in which the words are used in the law.

The Code contained no provisions requiring the county judge to give bond.  He is constituted the accounting officer and general agent of the county, and as such, is to superintend its fiscal concerns, and secure their management in the best manner.  Code, section 106.  The county treasurer is, however, the constituted keeper of the funds of the county.  No authority is given under the Code, to the county judge to receive any money belonging to the county, except the fees appointed to be received by him, as prescribed by law for his office.

Of the fees received by the county judge, the county recorder, and the clerk of the district court, they are required to make a settlement at the end of each quarter.  After the payment of their salaries, and that of the prosecuting attorney, the residue is required to be paid into the county treasury ; and each is required to make a general settlement of his account of fees received, at the end of his term of office.  Code, sections 212, 214.

There is no authority given by the Code to the county judge, to receive moneys of the county, which should be paid into the county treasury ; and it may be safely concluded, that he was not required to give bond, and that the accounting for, and paying over moneys of the county, received by him, have not by the Code been enumerated

among his official duties, for the reason that no authority by it is given him to receive such moneys ; and because it was not contemplated that, beyond the fees of his office, any such moneys should come into his hands.

By the act of January 29, 1853, (Session Acts, ch. 40, 70), the county judge was required to give bond, " conditioned for the faithful discharge of his duties as such, and for the payment of all public moneys which may come into his hands." The bond sued on was executed by the defendants under the provisions of this law. If it had required that the condition of the bond of. the county judge, should have been for the faithful discharge of the duties of his office, only, and the bond had been so given, we are of opinion, that under such a condition, the plaintiff could not recover of the defendants, the obligors, for moneys of the county received by the county judge, for the sale of the town lots. As it is, however, expressly conditioned for the payment by Ogden, of all moneys coming into his hands by virtue of his office, in addition to the stipulation for the faithful discharge of the duties of his office, we see no good reason for holding, that the plaintiff's right of action for the failure to pay over this money, is limited to three years from the time the action accrued. Such limitation, we think, must be applied to those causes of action growing out of the omission by the county judge of some official duty, other than such as is imposed upon him by the obligation of his bond—in this instance, to pay over all moneys coming into his hands by virtue of his office. The demurrer to this portion of the answer, should, therefore, have been sustained.

The second breach assigned by the plaintiff is, that the said Ogden has not faithfully discharged the duties of his office of county judge, in this, that he has illegally, and without authority, granted and issued county orders and warrants to one Wells, and other persons not entitled to receive the same, whereby money was drawn and received from the county treasury, for purposes and objects not authorized by law. As the matters assigned under this sec-

ond breach, are such as obviously grow out of a liability incurred by the doing of an act in an official capacity, we think the limitation of three years applies; and the demurrer to so much of the answer as set up such limitation in bar of the action, was properly overruled.

Judgment reversed.

WRIGHT, C. J., *dissenting.*—The petition assigns two breaches: *First.* That the county judge illegally and without authority of law, issued certain county warrants. *Second.* That he received certain moneys by virtue of his office, which he has failed and neglected to pay over to the county. I concur in so much of the foregoing opinion, as holds that the first demand, would be barred within three years from the time the cause of action occurred. In the remaining portion I cannot concur.

We are not called upon to decide, whether the defendants are liable for the money received by the county judge for the county. The sole question is, whether, if the cause of action accrued more than *three* years before the commencement of this suit, it is barred under the *second* clause of section 1659 of the Code. In other words, whether the failure to pay over money, is the omission of an official duty on the part of a public officer? And of this, I entertain no doubt.

By his bond, the county judge is bound to pay over all moneys coming into his hands by virtue of his office, and he is required to take an oath that he will perform all the duties of his office, as provided by the condition of this bond. Code, section 331. If the failure to pay over money received by him by virtue of his office, is not the omission *of an official duty,* within the meaning of the Code, then I don't know what would be. This failure amounts to a *non feasance* in office, and the liability is incurred by reason, and on account, of his neglect of a positive and express requirement of the law, and which he undertook to perform, when he executed his bond, and took the oath of office.

The cases of *Mt. Pleasant Bank* v. *Conway et al.*, 18 Ohio, 234; *State* v. *Blake et al.*, 22 Ohio, 147; *State* v. *Newman's Ex'rs.*, Ib. 568, referred to by counsel seems to me to clearly sustain my position. In the last case, it is said that the failure of an officer to pay over money, when demanded, amounts to a *non feasance* in office, or as our law expresses it, the omission of an official duty. And indeed, of this, it seems to me, there is no room for doubt. 2 Bouvier's Law Dict., Tit., Nonf.; 2 Kent Com., 443.

I would not say that the county judge himself, would not be liable as for money had and received, for more than three years after the cause of action occurred. But where the action is brought upon the bond, and it is sought to make the sureties liable for his omission of duty, I think the action is barred in three years. Our statute in this respect, is similar to those of most of the states. Safety. and a just protection to the rights of sureties, have dictated the policy of requiring such actions, to be commenced within a reasonably short time after the liability was incurred. And this was the intention of our statute.

It is suggested, that if the non-payment of money by *all* officers, was understood to be the omission of an official duty, why particularly refer to "the *non payment* of money collected on execution." And the reasoning is, that if all were included by the previous language of the clause, then the concluding words are surplusage, and have no meaning; whereas, if not included, then this concluding language excludes the conclusion, that the non-payment of money by other officers, would be the omission of an official duty. Now, in my opinion, this reference to money collected on execution, was only intended to make that certain and definite, which, by the previous language, might have been left in doubt. A sheriff acts, for the most part, as the agent of individuals, in the collection of money, rather than as a financial agent and officer for the county or state. If special reference had not been made to money so collected, there might have been room for doubt, whether the general language employed, included such.

neglects or omissions.    Hence, the special reference to such collections and such officers, that all chances for cavil or controversy might be removed.

In my opinion the demurrer was correctly overruled.