## THE STATE OF IOWA v. DYER et al.

1. Statute of limitations: OFFICIAL BOND. The failure of a county treasurer to account to the county and the State, and pay over the revenue in his hands, is "the omission of an official duty," within the meaning of § 1659 of the Code of 1851, and an action therefor cannot be maintained unless commenced before the expiration of three years after the cause of action accrues.

*Appeal from Polk District Court.*

MONDAY, OCTOBER 17.

DYER was elected treasurer and recorder of Polk county, at the August election, 1855, for the term of two years, and on the 13th of that month executed his official bond, with the other defendants as his sureties, and entered upon the discharge of his duties. This action was brought in March, 1861, the petition assigning as a breach of said bond, that said Dyer had, during his term of office, collected taxes and other means belonging to the State, which he had neglected and refused to pay over. Defendants demurred upon three grounds; the demurrer was sustained, and plaintiff appeals.

· *John Mitchell* and *Withrow & Smith* for the appellant.

· *Casady & Polk* for the appellees.

WRIGHT, Ch. J.—The third ground of demurrer, and the only one which we shall discuss, is: "That no part

1. STATUTE OF LIMITA-TIONS: official bond.

of the cause of action accrued to plaintiff within three years last past." In this question is involved the construction of the second clause of § 2740 of the Revision (§ 1659 of the Code), which provides that actions "against a sheriff or other public officer, growing out of a liability incurred by the doing of an act in an official capacity *or by the omission of an official duty,* including the non-payment of money collected on execution, must be commenced within *three years* after their causes accrue, and not after-wards." Is the failure of a county treasurer to pay over and account to the county or State for the revenue in his hands, "the omission of an official duty," within the meaning of this statute? The condition of his bond is, "that he will promptly pay over to the person or officer entitled thereto, all money which may come into his hands by virtue of his office; that he will faithfully account for all balances of money remaining in his hands at the termination of his office; and render a true account of his doings therein, to the proper authority, when required thereby, or by law." When this bond was executed, the treasurer of each county was, by law, the collector of the State revenue levied therein, and was required to pay the same to the State treasurer, on the 15th of December, January and July, annually. (Code, ch. 37.) It is conceded that it was his duty, at the termination of his office, to account for, and pay to the State, all state revenue remaining in his hands, and that, for a default in this respect, he would be liable upon his official bond. But the point made is, that such failure is not the "omission of an official duty," within the meaning of the limita-

tion statute, and that this is an action founded on a "written contract," and hence, is not barred for ten years (Rev., ch. 4, § 2740) from the time the same accrued. This question was made in *Poweshiek County* v. *Ogden et al.*, 7 Iowa, 177, and while it was not fully and precisely decided, it is manifest that a majority of the court inclined to the opinion that a failure by a county judge to pay over funds coming into his hands, in his official capacity, would not be "the omission of an official duty," within the meaning of the law; and that an action for such failure might be prosecuted after the expiration of three years from the alleged breach. The reasoning of the majority opinion was not satisfactory to the writer of this opinion at the time, and reflection has but served to render its inconclusiveness more apparent. Prior to the act of January 29th, 1856 (ch. 40), the county judge was not required to give bond, and, as is in substance conceded in the opinion referred to, he had no authority or right to receive any moneys, beyond the fees of his office. The act requiring a bond, directed that it should be conditioned for the faithful discharge of his duties, "and for the payment of all public moneys which may come into his hands." But there was no other law giving him authority to receive any public moneys, beyond his fees, and as a consequence, the obligation of the bond was intended to cover them. Of course, no one will pretend that his sureties would be bound for the faithful application of public funds which might come into the hands of their principal, to which he had no official right. Thus they would not be liable for state or federal revenue coming into his hands; nor would they for money arising "from the sale of city lots" (and it was this money that Ogden received), for this "should be paid into the county treasury." And following this reasoning, I can see some force in the proposition that as the money did not come into the principal's hands by virtue of his office, there could be no

breach, and hence, no "omission of an official duty." But when, as I think, without authority, either in fact or in law, it is assumed that such a failure would not be a breach of official duty, and that the right of action for such failure was not limited to three years from the time action accrued, I can neither admit the premises, nor concur in the conclusion based thereon. In view of the circumstances of that case, it will scarcely be claimed to be decisive of the question now before us. Certain it is, the point received but little attention—the one most discussed being, whether the county judge was liable, on his official bond, for the money coming into his hands. We therefore feel justified in treating it substantially as an open question in this State (especially as there was a divided court), and free to give the *statute* the construction which it seems to us its language and spirit clearly warrant and allow. Save in the clause under consideration, there is no reference, in terms, to actions against public officers, either for the doing or the omission of an act. The fourth clause, in referring to "written contracts," doubtless contemplated ordinary obligations—and not official bonds, and the liabilities of sureties, as well as principals thereunder. By such a construction, we certainly have a large class of cases to which that clause may legitimately refer; and the second clause will, at the same time, have full force and meaning. It is no answer to this proposition to say, that if the action is *against the officer* alone for the doing or omission of an act, that it may be brought within three years, whereas, if brought on the bond, the right continues for ten years. This loses sight of the fact, that the gist of the action is not the bond, but the failure of the officer to discharge an official duty, and that it is the *cause* rather than the *form* of the action upon which the limitation acts. Not only so, but this would, in effect, continue the obligation or liability of the surety for years after the right to sue the principal alone had expired

by the statutory limitation. The cases in Ohio clearly recognize the correctness of this construction, and particularly the proposition that the obligation of the surety upon the bond cannot continue after the cause of action has been barred against the officer. (*State* v. *Newman*, 5 Ext., 22 Ohio, 567.)

This case follows and approves *Mt. Pleasant Bank* v. *Conway*, 18 Ohio, 234, and *Knox County* v. *Beam's Sureties*, 22 Id., 147, and expressly holds that a refusal by an officer to pay over money received in his official capacity, when demanded, is a failure to perform his official duty, and a *non-feasance* in office. In other words, such non-performance or non-fulfillment is the "omission of an official duty." And the very language of the sentence, it seems to us, warrants this, and excludes any other construction. The law makes it the duty, the official duty, of the officer to pay over this money. If he fails to do this, he omits a duty plainly required of him in his official position, by the statute. His liability is incurred by this omission, and the right of action grows out of the same. Than this, nothing can be plainer; for the statement of the proposition is its demonstration. Such a failure is as much the omission of an official duty as the neglect to serve a notice or levy an execution, whereby the sheriff incurs a liability. And yet, no one would pretend that the three years' limitation did not apply to such a case.

The meaning and construction to be given to the words, "including the non-payment of money collected on execution," will be found discussed in the dissenting opinion in *Poweshiek County* v. *Ogden*, 7 Iowa, 177.

We cannot believe that they have any, much less a controlling influence over the other language of the statute.

The judgment should be

Affirmed.