THE STATE v. HENDERSON ET AL.

1. **Bond**: CONSTRUCTION OF: COUNTY TREASURER. The bond of a county treasurer purported to be executed "unto the county of Warren and State of Iowa:" *Held* to be a bond given for the security of the county and not of the State.

2. ———: OF COUNTY TREASURER: STATUTE OF LIMITATIONS. The commencement of a suit upon a county treasurer's bond in the name of the State, for a defalcation in the State revenue, will not avoid the operation of the statute of limitations, which has already barred an action by the county.

*Appeal from Warren Circuit Court.*

FRIDAY, MARCH 19.

EACH of these actions is upon a bond executed by P. P. Henderson, as treasurer of Warren county, as principal, with the other defendants, respectively, as sureties. One of the bonds bears date January 1st, 1866, and the other December 18th, 1867. In each of the bonds the obligors acknowledge themselves "held and firmly bound unto the county of Warren, and State of Iowa, in the penal sum of thirty thousand dollars." In all other respects the bonds are in the usual form of a county treasurer's bond.

On the 31st day of July, 1874, the plaintiff commenced an action upon each of these bonds, claiming upon the first $2,218, and upon the second $6,813, and alleging that the

defendant, Henderson, as county treasurer of Warren county, had collected these sums of money, belonging to plaintiff, and at the expiration of his term of office had them in his hands, and that he has failed to account for and pay the same over to plaintiff.

The defendants filed a demurrer to each of the petitions as follows:

*First,* That said petition shows upon its face that the plaintiff has no cause of action against the defendants; that the bond sued on was not executed to the plaintiff, nor for the security or benefit of the plaintiff, and there is no statute authorizing the plaintiff to maintain an action on the bond.

*Second,* That said petition shows upon its face that the cause of action therein set up, if any exist, accrued more than three years next before the commencement of this suit.

The court overruled the demurrer, to which the defendants excepted, both parties consenting that defendants should answer over to the merits, if the judgment should be affirmed on appeal.

*Nourse & Kauffman* and *Williamson & Parrott*, for P. P. Henderson.

*H. W. Maxwell, pro se.,* and *Hall & Carruthers,* for M. A. Noble, Adm'r.

*Henderson & Berry,* for T. G. Barnes and *Bryan & Seevers,* for the other defendants, appellants.

*Barcroft & Given, Phillips & Phillips,* and *H. McNeil,* for appellee.

DAY, J.—The county treasurer is a county officer. His bond is required to be given to the county, (Code of 1873, Sec. 677,) and to be approved by the Board of Supervisors, (Code, Sec. 560.) It is claimed that the bond in this case, *unto the county of Warren and State of Iowa,* is a bond to the State as well as to the county. We think, however, that this phraseology is not of

1. BOND: construction of: county treasurer.

itself sufficient to warrant the conclusion that the State was intended to be named as an obligee in the bond. The form of expression here employed is usual when nothing more is intended than the mere identification of the county. as, for instance, it is common in legal documents to say, A. B., of the county of Warren, and State of Iowa, by which no more is meant than that the county of Warren is *in* the State of Iowa.

The reasonableness of this construction is very apparent in this case, in view of the fact that the county treasurer's bond must be executed to the county, and there is no direct authority of law for executing it to any other body politic or corporation. We conclude, therefore, notwithstanding the form of expression used, that the bond is no more than the usual treasurer's bond to the county of which he is an official.

This being the case, can the bond be considered as a surety to the State, so as to give it remedies thereon distinct from and independently of the county, and enable it to maintain an action after the remedy of the county is barred by the statute of limitations? The Revision, section 3727, provides:

"The official bond of a public officer is to be construed as a security to the body politic or civil corporation of which he is an officer, and also to all the members thereof severally who are intended to be thereby secured."

The bond of a county treasurer, therefore, is to be construed as a security to the county, and all the members thereof intended to be secured thereby.

The revenue law in its entire scope and purpose, seems opposed to the notion that a county treasurer's bond is intended, in part, for the security of the State. The Revision, § 793, provides "each county is responsible to the State for the full amount of the taxes levied for State purposes, excepting such amounts as are certified to be unavoidable, double or erroneous assessments as hereinafter provided." And section 794 provides: "If any county treasurer prove to be a defaulter to any amount for State revenue, such amount shall be made up to the State within the next three coming years, by additional

2. ———: of county treasurer: statute of limitations.

levies in such manner as to annual amounts as the Board of Supervisors may direct. In such cases the county can have recourse to the official bond of the treasurer for indemnity." The State is fully protected from loss, independently of any action upon the bond. We do not definitely determine that the State cannot maintain an action upon this bond. But we do feel quite clear that by bringing an action upon the bond, the State cannot avoid the bar of the statute of limitations which had already run against the county. It is the object to be effected by the suit, and not the mere nominal party to it, that determines whether the statute of limitations applies. In *Des Moines County v. Harker*, 34 Iowa, 84, we held that the statute of limitations did not run against the county in an action to foreclose a school fund mortgage, because the recovery was, in fact, on behalf of the State. Suppose in this case the action had been brought in the name of the county, could it be claimed that the statute of limitations would not run against the county, because the county was liable over to the State on account of the defalcation? Manifestly, we think, not. Then shall the mere fact that the State becomes nominally the plaintiff, entirely change the rule of construction? If the State recovers the county receives the ultimate benefit. It becomes discharged from an absolute liability incurred on account of the defalcation. It seems to us clear, then, that if the State can maintain the action at all it can do so only as the representative of the county, and for the use and ultimate benefit of the county. In *The State v. Dyer*, 17 Iowa, 223, the right of the State to sue was not questioned, but in that case it was directly held that the action against a county treasurer could not be maintained unless commenced within three years from the time the cause of action accrued, construing section 1659 of the Code of 1851, which is identical with section 2740 of the Revision of 1860, involved in the present action. It has been frequently held that the general statute of limitations applies to actions brought in the name of the State for the use of individuals or corporations against whom the statute would run. See *Miller v. The State*, 38 Ala., 600; *The State v. Pratt*, 8 Mo., 286; *The State of*

*Ohio v. Conway*, 18 Ohio, 234; *The State v. Commissioners of Knox County*, 2 Ohio State, 147.

The second ground of demurrer should have been sustained.

REVERSED.