# THE STATE OF IOWA:

DES MOINES, JUNE TERM, A. D. 1875.

IN THE THIRTIETH YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM E. MILLER, CHIEF JUSTICE.
" CHESTER C. COLE,  ⎫
" JAMES G. DAY.      ⎬ JUDGES.
" JOSEPH M. BECK,    ⎭

---

## KEOKUK COUNTY v. HOWARD.

1. **Statute of Limitations:** ACTION AGAINST A COUNTY TREASURER. An action against a county treasurer upon his official bond is barred three years after the cause of action arises. (*The State v. Henderson*, 40 Iowa, 242.)

2. ——: ——. So, also, is an action against the treasurer personally, instituted, not upon his official bond, but upon his implied undertaking to pay over the moneys collected, as required by law.

*Appeal from Keokuk District Court.*

TUESDAY, JUNE 15.

ACTION to recover moneys received and appropriated to his own use by defendant, while acting as treasurer of plaintiff.

The petition shows that the collection and appropriation of the county moneys by defendant was more than three years prior to the commencement of this action. A demurrer to the petition on the ground that it shows the action to be barred by the statute of limitations, was sustained. Plaintiff appeals.

*Mackey & Donnell*, for appellant.

*Woodin & McJunkin*, for appellee.

BECK, J.—The statute of limitation provides that actions shall be prosecuted within three years and not after, " against a sheriff or other public officer, growing out of a liability incurred by the doing of an act in an official capacity, or by the omission of an official duty, including the non-payment of money collected on execution." Code, § 2529, ¶ 3.

This court has held that an action against a defaulting

1. STATUTE of limitations: action against a county treasurer. county treasurer and his sureties, brought upon his official bond, is barred, under this provision, in three years after the cause of action accrued. *State v. Dyer*, 17 Iowa, 223; *State v. Henderson*, 40 Iowa, 242. It is insisted by plaintiff in this case that the statute does not bar an action against the treasurer individually and not brought upon his official bond against himself and sureties. The question thus raised is the only one in the case.

It will be observed that our statute does not operate to bar certain actions or forms of action, but prescribes the periods of limitation with reference to the cause of action. It bars all actions brought after the expiration of the prescribed periods to recover upon the *cause of action* specified. In order to determine the question of limitation, inquiry is not made as to the character, or form of action, but as to the cause upon which it is founded, the liability of the defendant. This determines the period of limitation.

Now the cause of action is not the official bond of defendant; it is required by law as a mere security to plaintiff.

2. ——: While the defendant may be said to be liable on the bond, yet the bond is not the cause of action,

the origin of his liability. That was his collecting and refusing to pay over money of plaintiff's received by virtue of his office, which is an omission of an official duty. *State v. Dyer*, 17 Iowa, 223. He may be held liable for his omission upon the bond, or the action may be brought, as in this case, upon his imputed undertaking to pay over the moneys collected, as required by law. As the cause of action, the foundation of the liability, is the same in both cases, it is very plain that the statute will bar both in the same time. *State v. Conway*, 18 Ohio, 234.

It is our opinion that the demurrer was rightly sustained.

AFFIRMED.