STATE of Missouri, Appellant,

v.

Odis DRAKE, Respondent.

Nos. 67049, 67050.

Missouri Court of Appeals,
Eastern District,
Division One.

July 25, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 23, 1995.

Application to Transfer Denied
Oct. 24, 1995.

Nicholas J. Riggio, Asst. Pros. Atty., St. Louis County, Clayton, for appellant.

Victor Thompson, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

In this consolidated appeal, appellant, State of Missouri ("state"), appeals from the order of the Circuit Court of St. Louis County suspending the imposition of respondent's, Odis Drake's ("driver"), sentence and granting him probation after driver pled guilty as a persistent offender to two separate counts of driving while intoxicated, RSMo § 577.010 (1994). We dismiss.

The facts are briefly as follows: On August 12, 1994, driver pled guilty as a persistent offender to each of two separate counts of driving while intoxicated, RSMo § 577.010, arising out of driving incidents on January 19, 1993, and February 22, 1994. Additionally, driver stipulated to having pled guilty to two separate counts of driving while intoxicated on December 18, 1990, and to one count of driving with excess blood alcohol content on September 15, 1986. The trial court accepted the pleas as to both counts.

A sentencing hearing took place on September 30, 1994, at which time the state recommended sentences of four years imprisonment on each count to run concurrently. Driver requested the imposition of sentence be suspended. The circuit court granted driver's request and placed driver on proba-tion accompanied by special conditions for a term of five years for each count. This appeal by the state followed.

The state appeals pursuant to RSMo § 547.200.2 (1994), which provides the state may appeal in criminal cases except those where the outcome might result in double jeopardy for the defendant. The state claims the circuit court lacked the authority to suspend imposition of driver's sentence under the sentencing guidelines set forth in RSMo § 577.023.4 (1994). However, before reaching a decision on the merits of this case, we must first consider whether we have jurisdiction over the matter.

Generally, the state has no right to appeal a judgment favoring the accused unless such a right is conferred by statute. *State v. Reed,* 770 S.W.2d 517, 519 (Mo.App. E.D.1989). The statutory provision cited by the state, § 547.200.2, appears on its face to give the state the right to appeal the circuit court's sentencing decision. However, before that right arises, the circuit court's order must constitute a final judgment. Rule 30.01(a).

In criminal cases, a judgment does not become final until sentence is entered. *State v. Lynch,* 679 S.W.2d 858, 860 (Mo. banc 1984). It follows that sentence must be imposed in order to render a judgment final. *State v. Harris,* 486 S.W.2d 227, 229 (Mo. 1972). Thus, the suspension of imposition of sentence is not a final judgment from which a party may appeal. *Lynch,* 679 S.W.2d at 860.

In the instant case, the circuit court granted driver's request for a suspended imposition of sentence. That order was not final for purposes of appeal. Accordingly, this court does not have jurisdiction to entertain the state's challenge by way of direct appeal.

Based on the foregoing reasons, the state's appeal is dismissed.

REINHARD, P.J., and CRAHAN, J., concur.