**STATE of Missouri, Respondent,**

v.

**Tobias Joaquin RUCH, Appellant.**

**No. WD 51435.**

Missouri Court of Appeals,
Western District.

Aug. 20, 1996.

Brian A. Tillema, Elizabeth Unger Carlyle, Lee's Summit, for appellant.

Thomas K. Hendrix, Jr., Asst. Pros. Atty., Johnson County, Warrensburg, for respondent.

Before EDWIN H. SMITH, P.J., and BRECKENRIDGE and ELLIS, JJ.

ELLIS, Judge.

On April 15, 1995, Commercial Motor Vehicle Inspector Larry E. Stephenson stopped Tobias Joaquin Ruch at the intersection of 50 Highway and Lovers Lane in Johnson County, Missouri. Ruch's vehicle carried prefabricated ladders and bore a 1995 land improvement contractor license plate. Stephenson asked Ruch to follow him to a weigh station. At the weigh station, Inspector Stephenson inspected the vehicle and asked where Ruch was headed. Inspector Ste-

phenson told Ruch he would violate the terms of his license if he went more than 25 miles from his home base in Kansas City, Missouri. Inspector Stephenson informed Ruch he would be following him to his destination. Ruch was then permitted to depart, and Inspector Stephenson followed him. Once Ruch reached the intersection of 50 Highway and Route M, over 25 miles from Kansas City, Inspector Stephenson pulled Ruch over and issued him a citation for not displaying a valid license.

The case was tried to the court sitting without a jury. Ruch was convicted for failure to display a valid license plate in violation of § 301.130.7.[1] Ruch was fined $50 for this violation.

Although Ruch brings four points on appeal, his third point is dispositive of this appeal and the remaining points need not be addressed. In that point, Ruch challenges the authority of Inspector Stephenson to issue a citation while not at a weigh station.

"Commercial vehicle inspectors" are authorized by § 304.230.3 and their powers are set out therein. In pertinent part, that section reads:

> The superintendent of the Missouri state highway patrol may assign qualified persons who are not highway patrol officers to supervise or operate permanent or portable weigh stations used in the enforcement of commercial vehicle laws. These persons shall be designated as commercial motor vehicle inspectors and have limited police powers:
>
> (1) To issue uniform traffic tickets at a permanent or portable weigh station ...[2]
>
> (2) To require the operator of any commercial vehicle to stop and submit to a vehicle and driver inspection to determine compliance with commercial vehicle laws, rules, and regulations and to submit to a cargo inspection when reasonable grounds

exist to cause belief that a vehicle is transporting hazardous materials ...
§ 304.230.3.

At trial, the state asserted that Inspector Stephenson had the authority under § 304.230.3(2) to stop Ruch on the open road and that the presence of weighing equipment in the inspector's vehicle vested him with the authority to issue a ticket under § 304.230.3(1). The trial court found Inspector Stephenson "certainly did have the authority to issue the citation" under § 304.230.3.

■ Statutory construction is a question of law, not fact, and where the lower court rules on a question of law, it is not a matter of discretion. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 350 (Mo.App. W.D.1980). The judgment of the trial court is afforded no deference when the law has been erroneously declared or applied. *Id.* When construing statutes, courts must endeavor to ascertain the intent of the legislature from the language used and, if possible, give effect to that intent. *Magee v. Blue Ridge Professional Bldg.,* 821 S.W.2d 839, 843 (Mo. banc 1991). Legislative intent should be determined by considering the plain and ordinary meaning of the terms in the statute. *Maudlin v. Lang,* 867 S.W.2d 514, 516 (Mo. banc 1993). Each word, clause, sentence, and section of a statute should be given meaning. *State ex rel. Missouri Bd. of Registration for Healing Arts v. Southworth,* 704 S.W.2d 219, 225 (Mo. banc 1986).

■ Section 304.230 is a rather lengthy statute dealing with enforcement of § 304.170 through § 304.220, which generally relate to regulation of width, height, length and weight of commercial vehicles. Section 304.230.2 specifically grants sheriffs, peace officers, and highway patrol officers the power to stop vehicles on the open highway in order to inspect those vehicles for violations of commercial motor laws and regulations and the authority to issue citations for dis-

---

**1.** All statutory references are to RSMo 1994 unless otherwise noted.

**2.** Subsection (1) continues: "for violations of rules and regulations of the transportation division of the department of economic development and department of public safety, and laws, rules,

and regulations pertaining to commercial motor vehicles and trailers and related to size, weight, fuel tax, registration, equipment, driver requirements, transportation of hazardous materials and operators' or chauffeurs' licenses;"

covered violations. Section 304.230.4 grants similar powers to designated "commercial vehicle enforcement officers," placing no situs limitations on their authority to issue tickets. In contrast, under § 304.230.3, "commercial motor vehicle inspectors" are appointed to "supervise and operate permanent or portable weigh stations." The plain language of § 304.230.3(1) grants commercial vehicle inspectors the limited power to ticket while at these stations. "Where a statute 'limits the doing of a particular thing in a prescribed manner, it necessarily includes in the power granted, the negative that it cannot be done otherwise.'" *State ex rel. State Highway Comm'n v. County of Camden*, 394 S.W.2d 71, 77 (Mo.App. S.D.1965) (quoting *Keane v. Strodtman*, 323 Mo. 161, 18 S.W.2d 896, 898 (1929)). Had the legislature intended for commercial motor vehicle inspectors to have powers similar to those held by sheriffs, peace officers, highway patrol officers, and commercial vehicle enforcement officers, it would have so stated. Read together, the provisions of § 304.230 convey the intent of the legislature to limit the zone of a commercial vehicle inspector's ticketing powers to the premises of a weigh station.[3]

Inspector Stephenson could not have had the authority to issue a ticket, then, unless he was at a "weigh station." The state asserts Inspector Stephenson's vehicle qualified as a "portable weigh station" because he had weighing equipment in his trunk. We cannot agree.

 By enacting § 304.230.3, the legislature intended to limit the enforcement power of commercial vehicle inspectors to "stations." Webster's Dictionary defines station as a "stopping place on a transportation route" or a "place established to provide a public service." Webster's Third New International Dictionary 2229 (1961). The State contends a moving vehicle with unassembled weighing equipment in the trunk qualifies under the statute as a "weigh station." Under the State's logic, commercial vehicle inspectors would have the power to stop, inspect, and ticket commercial vehicles anywhere as long as they had weighing equipment in their vehicle. Such an interpretation would render the weigh station limitation of subdivision (1) meaningless. The clear intent of the legislature was to restrict the enforcement power of commercial vehicle inspectors to established locations. As Inspector Stephenson was not at one of the specified sites, he had no authority to stop Ruch or issue a ticket to him.

Accordingly, the decision of the trial court is reversed.

All concur.

---

**3.** While subdivision (2) grants inspectors the authority to stop vehicles for inspection, when read in the context of the entire section, it is clear that the legislature intended this power to be similarly limited to the situs of weigh stations. These limitations are likely due to differences in inspectors' qualifications and training compared to that of peace officers and commercial vehicle enforcement officers. Open road stops are more intrusive on drivers' Fourth Amendment rights than weigh station stops, *State v. Rodriguez*, 877 S.W.2d 106, 109 (Mo. banc 1994), and present more potential dangers. Peace officers are taught when these stops are appropriate and how they can be safely executed. Unlike peace officers and commercial vehicle enforcement officers, commercial vehicle inspectors are prohibited from carrying firearms for the defense of themselves and others. § 304.230.3.