STATE of Missouri, Plaintiff–
Respondent,

v.

PLASTEC, INC., Defendant–Appellant.

No. 72822.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 10, 1998.

Venters, Pletz and Reed, P.C., Jerry W. Venters & John S. Pletz, Jefferson City, for appellant.

Randall M. England & Thomas I Osborne, Mexico, for respondent.

KAROHL, Judge.

Plastec, Inc., a Missouri corporation, pled guilty to committing the charged crime, a class A misdemeanor of EMPLOYER FAILURE TO INSURE LIABILITY UNDER CHAPTER 287, punishable upon conviction under Sections 558.011.1(5), 560.016 & 287.128.5 RSMo, by not to exceed 1 year in the county jail and/or a fine not to exceed $1,000.00, and in addition a penalty as provided in Section 287.128.5. The court held a hearing for the sole purpose of determining mitigation in sentencing. The relevant portion of the sentence follows:

On JUNE 24, 1997, the defendant is found GUILTY UPON HIS PLEA OF GUILTY to the offense of

1. VIOL OF PROV REGARD WRKS COMP        CLASS A MISD

Date of Offense: 11–30–1994

The court determines that the plea is voluntary.

On the above charges the Court enters the following:

1. VIOL OF PROV REGARD WRKS COMP on JUNE 24, 1997, in Division 1 $25,000. PENALTY AS PROVIDED IN SECTION 287.128.5.

. . . .

We conclude that the failure of the court to include a consideration of a fine in the judgment renders the sentence incomplete and not appealable.

The prosecuting attorney recognized the appropriate punishment of a corporate defendant after a plea or guilty verdict is a fine. He alleged punishment under sections "560.016 and 287.128.5 RSMo." He also acknowledged during the mitigation hearing that he anticipated a recommendation of " a one hundred dollar fine on the corporation." It appears that the appropriate sentencing

statute for corporations is section 560.021 RSMo 1994,[1] not section 560.016. Under the appropriate sentencing statute, the criminal punishment of a corporation for a non-code offense may be a "fine" fixed by the court. Section 560.021.2. The court failed to implement the recognized punishment, imposition of a fine. In the absence of a fine there is no final judgment from which defendant can appeal. Rule 30.01(a). The alternative to imposing a fine would involve a suspended imposition of sentence which is not appealable. *State v. Drake*, 906 S.W.2d 787, 788 (Mo.App. E.D.1995).

In the event the court imposes a fine and appropriate costs, the sentence would be a final and appealable judgment without considering imposing a penalty as authorized by section 287.128.5. The statutory penalty is "in addition" to the misdemeanor, section 287.128.5, therefore not an alternative to a fine. This appeal does not require a decision on whether the penalty is civil or criminal. The decision on imposing a penalty, if the court chooses to further punish defendant, will differ when the requirements of an appealable, final judgment on the conviction are met by the imposition of a fine, if any. The trial court never reached and did not decide that question. For that reason we do not reach and do not decide the substantive dispute of the parties. They briefed and argued only an issue of whether the authorized penalty was a mandatory sum of $25,000. The state argues the court did not err in considering and deciding that a penalty in the amount of $25,000 was mandatory. Defendant argues section 287.128.5 authorizes a penalty of "up to," but not exceeding $25,000. When and if the court imposes a fine, the court may reconsider whether or not to impose a penalty authorized by section 287.128.5.

The appeal is dismissed for lack of an appealable judgment.

AHRENS, P.J., and CRANDALL, J., concur.

---

1. All statutory references are to RSMo 1994, unless otherwise noted.