**CITY OF ELLISVILLE, Plaintiff,**

v.

**Janette M. LOHMAN, Director of Revenue, State of Missouri, et al., Defendants/Respondents,**

and

**City of Bridgeton, et al., Defendants-Appellants.**

No. 71994.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 19, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Application for Transfer Denied
Aug. 25, 1998.

**528**

William Richter, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for Appellant, City of Bridgeton.

Shulamith Simon, Schlueter & Byrne, St. Louis, for Appellants, Cities of Crestwood, Kirkwood and St. Ann.

W. Dudley McCarter, Behr, Mantovani, McCarter & Potter, P.C., Clayton, for Appellant, City of Creve Coeur.

Lloyd E. Eaker, Clayton, for Appellant, City of Jennings.

Katherine L. Butler, Eureka, for Appellants, Cities of Eureka and Valley Park.

F. Douglas O'Leary, Moser & Marsalek, St. Louis, for Appellant, City of Ladue.

Craig Biesterfeld, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for Appellant, City of Maplewood.

Robert Spalding, Chesterfield, for Appellant, City of Peerless Park.

Frank Susman, Susman, Schermer, Rimmel & Shifrin, L.L.C., St. Louis, for Appellant, City of Pagedale.

Jeremiah W. (Jay) Nixon, Atty. Gen., Edward F. Downey, Asst. Atty. Gen., Jefferson City, for Respondent Lohman/State of Missouri.

John H. Ross, County Counselor, James J. White, Deputy County Counselor, Cynthia L. Hoemann, Asst. County Counselor, Clayton, for Respondent, St. Louis County.

Richard C. Bresnahan, Clayton, for Respondents, Cities of Beverly Hills and Ferguson and Village of Glen Echo Park.

Sarah A. Siegel, St. Louis, for Respondent, City of Clayton.

Kenneth J. Heinz, St. Louis, for Respondents, Cities of Florissant, Richmond Heights and Town and Country.

Thomas M. Flach, Kell, Flach & Miller, St. Charles, for Respondents, Cities of Northwoods and Pine Lawn and Village of Uplands Park.

Helmut Starr, Suelthaus & Walsh, P.C., St. Louis, for Respondents, City of Oakland and City of Webster Groves.

Patrick R. Gunn, St. Louis, for Respondent, City of Manchester.

Jerry J. Murphy, Reid, Murphy, and Tobben, St. Louis, for Respondents, City of Shrewsbury and Brentwood.

John Mulligan, Clayton, for Respondent, City of University City.

John B. Gray, Florissant, for Respondent City of Woodson Terrace.

Elbert A. Walton, Jr., St. Louis, for Respondent, City of Berkeley.

Timothy James Walk, St. Louis, for Respondent, City of Breckenridge Hills.

Robert Herman, Schwartz, Herman & Davidson, St. Louis, for Respondent, City of Overland.

Peter von Gontard, Sandberg, Phoenix & von Gontard, St. Louis, for Respondent, City of Huntleigh.

Jerome Wallach, Wallach Law Firm, St. Louis, for Respondent, City of Fenton.

Mark F. Haywood, Lafollette, Johnson, Dehaas & Fesler, Clayton, for Respondents, City of Flordell Hills and Pasadena Park.

Carl F. Kohnen, Florissant, for Respondent, Village of Calverton Park.

Helton Reed, Jr., St. Louis, for Respondent, City of Moline Acres.

Donald Kenneth Anderson, Jr., Law Offices of Donald K. Anderson, St. Louis, for Relator City of Ellisville.

Kevin M. O'Keefe, Corinne N. Darvish, Uthoff, Graeber, Bobinette & O'Keefe, St. Louis, for Respondents, Bel-Nor, Bel-Ridge, Bellefontaine Neighbors, Bellerive, Cool Valley, Des Peres, Norwood Court, Pasadena Hills, Riverview, Sycamore Hills, Twin Oaks, Vinita Park, Vinita Terrace, Warson Woods & Wilbur Park.

Douglas R. Beach, Beach, Burcke, Helfers & Mittleman, L.L.C., Clayton, for Respondents, Chesterfield and Normandy.

Howard Paperner, DeVoto, Paperner, DeVoto & Nalick, St. Louis, for Respondents Maryland Heights and Winchester.

SIMON, Judge.

This case involves a dispute over the amount of motor vehicle sales tax and use tax distributed by the Missouri Department of Revenue to St. Louis County and the ninety municipalities located wholly or partially therein. Bridgeton, Creve Coeur, Crestwood, Kirkwood, St. Ann, Eureka, Rock Hill, Valley Park, Jennings, Ladue, Maplewood, Peerless Park and Pagedale (appellants) appeal from a judgment entered by the Honorable Robert Campbell on December 11, 1996 granting the various motions of St. Louis County, Director of the Missouri Department of Revenue (Director), Bellefontaine Neighbors, Bellerive, Bel–Nor, Bel–Ridge, Black Jack, Brentwood, Calverton Park, Chesterfield, Clayton, Des Peres, Ferguson, Florissant, Hanley Hills, Manchester, Maryland Heights, Northwoods, Norwood Court, Oakland, Overland, Pasadena Hills, Pine Lawn, Richmond Heights, Riverview, Shrewsbury, Sycamore Hills, Town & Country, Twin Oaks, Uplands Park, Vinita Park, Vinita Terrace, Warson Woods, Webster Groves, Wilbur Park, Winchester, and Woodson Terrace (hereinafter defendants) to dismiss the cross-claims of appellants, Breckenridge Hills, Frontenac, Grantwood Village, Hazelwood, Olivette, Pacific, Rock Hill, St. John, and Sunset Hills against St. Louis County, Director, and other municipalities in St. Louis County for "failure to commence action within [the] three year period of limitations."

On appeal, appellants contend the trial court erred in: (1) entering judgment in favor of defendants on the ground that the three year statute of limitations set out in Section 516.130, RSMo 1994 (all future references will be to RSMo 1994 unless otherwise noted), barred their claim because the applicable limitations period is five years, as provided in Section 516.120(1) and (2), for actions upon obligations or liabilities or upon a liability created by statute and the appellants' claims were timely under Section 516.120; and (2) denying their motions for summary judgment as to respondent Director because appellants were entitled to judgment as a matter of law in that the disputed material facts established that Director, for the period from April 1, 1988 through October, 1989, failed to comply with Missouri Law 444-7, House Bill 210, which amended the distribution formula for St. Louis County's local sales tax distributions to its municipalities, and that during such period appellants were paid less than the amount of sales and use tax to which they were entitled. In their second point, appellants also contend that the defenses raised by Director, the failure of the Missouri Legislature to appropriate funds to implement the revised distribution formula, sovereign immunity and the three-year statute of limitations, are without basis in law.

Additionally, respondent St. Louis County and other respondents have moved to dismiss the appeals of Eureka, Peerless Park, Crestwood, Kirkwood, and St. Ann, alleging that: (1) Eureka should not be allowed to take the position that Ellisville's second amended petition is not barred by the statute of limitations after raising the three-year statute of limitations as a defense to Ellisville's second amended petition; (2) Peerless Park's claim is time barred even if the court applies the five-year statute of limitations; and (3) the appeals of Crestwood, Kirkwood, and St. Ann should be dismissed because they never filed a counter-claim or cross-claim. This motion was taken with the case.

When reviewing the dismissal of a cause of action, we examine the pleadings, allowing the broadest intendment, treating

all alleged facts as true, and construing the allegations in favor of the pleader, to determine whether they involve principles of substantive law. *City of Chesterfield v. Deshetler Homes,* 938 S.W.2d 671, 673 (Mo.App. 1997). The trial court's dismissal of an action will be affirmed if any ground supports the motion, regardless of whether the trial court relied on that ground. *W.B. v. M.G.R.,* 905 S.W.2d 134, 136 (Mo.App.1995). If it clearly appears that the cause of action is barred by time limitations, the motion to dismiss is properly sustained. *Klemme v. Best,* 941 S.W.2d 493, 497 (Mo.banc 1997).

A defense of statute of limitations is an affirmative defense and must be pleaded. Rule 55.08. A motion to dismiss properly raises the defense of statute of limitations when it is clear from the face of the petition that the action is barred by time limitations. *Heintz v. Swimmer,* 922 S.W.2d 772, 775 (Mo.App.1996). If the statute of limitations is raised as an affirmative defense, the trial court may not dismiss the petition unless it is clearly established on the petition's face and without exception that the cause of action is time barred. *H.R.B. v. J.L.G.,* 913 S.W.2d 92, 96 (Mo.App.1995).

In 1987, our legislature passed Missouri Law 444–7, House Bill 210, which amended the distribution formula for St. Louis County's local sales tax distributions to municipalities within St. Louis County. The law repealed Sections 66.620, 66.630, 67.550, 67.724, 67.729 and 94.700 (RSMo 1986) and enacted Sections 66.620, 66.630, 67.547, 67.550, 67.701, 67.713, 67.724, 67.729, 94.700.1—94.700.14 (Supp.1987).

Section 66.620 provides a mechanism for the distribution of county sales taxes collected by Director on behalf of any county. For the purposes of distributing the county sales tax, governmental entities are divided into two units, "Group A" and "Group B." Group A consists of cities, towns, and villages located wholly or partly within a county that had city sales taxes in effect under the provisions of Sections 94.500 to 94.570, on the day prior to the effective date (April 1, 1988) of the county sales tax ordinance. Group B consists of all other cities, towns, and villages located wholly or partly within a county that

had no city sales taxes in effect under the provisions of Sections 94.500 to 94.570, on the day prior to the effective date, April 1, 1988, of Section 66.620. Section 66.630 provides for distributions in St. Louis County and states that, effective April 1, 1988, seventy-five percent of the distributable sales tax revenue shall be distributed in accordance with Section 66.620 and the remaining twenty-five percent shall be distributed monthly to each city, town, or village and the unincorporated area of the county based upon the number of transactions occurring within each city, town, or village during the preceding month, except that any city, town, or village and all of the unincorporated areas of the county contained in group B shall have distributed to it by Director its share of the remaining twenty-five percent as calculated herein.

From April 1, 1988, through October 1989, Director continued to distribute the sales tax according to the formula used prior to April 1, 1988. The City of Ellisville initially filed suit against Director in Cole County, on July 19, 1988, seeking a writ of mandamus commanding Director to distribute taxes collected since April 1, 1988, in accordance with Sections 66.620 and 66.630. Answering, Director denied failing to properly distribute tax revenue legally owed to Ellisville, stating that she was making distributions in accordance with the law as it existed prior to the adoption of Missouri Law 444–7. Director further stated that the distribution authorized in Missouri Law 444–7 had never been implemented because the funds necessary to change the Department of Revenue's automated tax distribution system and procedures in order to make such distributions had not been appropriated or authorized by the General Assembly.

On August 17, 1989, the Cole County Circuit Court entered a judgment and order in mandamus in favor of Ellisville, finding that Director had failed to distribute the contested sales tax revenues in accordance with the law and had "unjustly distributed such monies belonging to [Ellisville] to other political subdivisions of the State of Missouri thereby unjustly enriching same at the expense of [Ellisville]." Director appealed this decision

to our Supreme Court, which issued its per curiam opinion on December 18, 1990, *City of Ellisville v. Director of Revenue,* 800 S.W.2d 451 (Mo.banc 1990), holding the case moot with regard to the method of distribution, finding the question of an accounting inappropriate for a mandamus action, vacating the judgment of the Cole County Circuit Court, and remanding the case to the Circuit Court with directions to quash the writ of mandamus.

On December 7, 1989, the City of Ellisville filed a declaratory judgment action in Cole County Circuit Court against Director, alleging that she had failed to distribute the full amount of the motor vehicle sales tax and use tax to which it was entitled. On July 16, 1993, responding to Director's motion that all necessary parties had not been joined, the City of Ellisville filed its second amended petition, seeking a declaratory judgment against Director, St. Louis County and eighty-nine municipalities located therein.

The second amended petition named as defendants the Director of Revenue, St. Louis County, and the following political subdivisions of St. Louis County: Ballwin, Bella Villa, Bellefontaine Neighbors, Bellerive, Bel–Nor, Bel–Ridge, Berkeley, Beverly Hills, Black Jack, Breckenridge Hills, Brentwood, Bridgeton, Calverton Park, Champ, Charlack, Chesterfield, Clarkson Valley, Clayton, Cool Valley, Country Club Hills, Country Life Acres, Crestwood, Creve Coeur, Crystal Lake Park, Dellwood, Des Peres, Edmundson, Eureka, Fenton, Ferguson, Flordell Hills, Florissant, Frontenac, Glen Echo Park, Glendale, Grantwood Village, Greendale, Hanley Hills, Mackenzie, Manchester, Maplewood, Marlborough, Maryland Heights, Moline Acres, Normandy, Northwoods, Norwood Court, Oakland, Olivette, Overland, Pacific, Pagedale, Pasadena Hills, Pasadena Park, Peerless Park, Pine Lawn, Richmond Heights, Riverview, Rock Hill, St. Ann, St. George, St. John, Shrewsbury, Sunset Hills, Sycamore Hills, Town & Country, Twin Oaks, University City, Upland Park, Valley Park, Velda City, Velda Village Hills, Vinita Park, Vinita Terrace, Warson Woods, Webster Groves, Wellston, Westwood, Wilbur Park, Winchester, and Woodson Terrace.

Further, Ellisville's second amended petition alleges in pertinent part:

7. That [Director] is charged with the duty of distributing monthly to various cities, towns and villages in the State of Missouri, including [Ellisville], twenty-five (25%) percent of the distributable sales tax revenue collected by [Director] under the provisions of Sections 66.620 and 66.630. . . .

\* \* \*

12. That the sales tax provided for by Section 66.620 and 66.630 ... has been collected by [Director] since April 1, 1988, and continues to be collected.

13. That taxes so collected remain in the custody and possession of [Director] in amounts known to [Director] but unknown to [Ellisville].

14. That as evidenced by a letter dated June 15, 1988, from the General Counsel of the Department of Revenue to the City of Ellisville, during the period between April 1, 1988, through November, 1989, [Director] disbursed sales tax revenue in a manner inconsistent with the provisions of Sections 66.620 and 66.630. . . .

15. That the reason given by [Director] for failing and refusing to distribute the funds resulting from said sales tax to which Relator is entitled is that the legislature failed to appropriate any funds for the purpose of implementing the provisions of Section 66.630. . . .

16. That Section 66.630 ..., however, directs that the cost incurred by the Department of Revenue for distribution shall be paid by each city, town, or village in proportion to the number of transactions occurring within city boundaries and shall be deducted annually from such distributable revenue. Indeed, [Director] is now employing this method of funding.

17. That as a result of [Director's] failure to disburse sales tax revenue in a manner consistent with [Sections 66.620 and 66.630], the actual disbursements made to the cities, towns, and villages which shared in the County Sales Tax Trust Fund during the period between

April, 1988, and November, 1989, either exceed or fall short of the proper amount to which said cities, towns, and villages are entitled according to [Sections 66.620 and 66.630]....

18. That as a result of [Director's] failure to disburse sales tax revenue in a manner consistent with [Sections 66.620 and 66.630], some of the funds to which [Ellisville] was entitled were paid to other cities, towns, and villages which share in the County Sales Tax Trust Fund for St. Louis County.

19. That to date none of the other cities, towns, or villages which shared in the County Sales Tax Trust Fund during the period between April 1, 1988, and November 1989, and is currently in existence and operation, has joined this action as a plaintiff or Relator.

20. That pursuant to Supreme Court Rule 52.04(a) *et seq.*, all of the cities, towns, and villages which shared in the County Sales Tax Trust Fund during the period between April 1, 1988, and November 1989, and is currently in existence and operation, have been named as Respondents in this action.

\* \* \*

22. That [Director] began distributing sales tax revenue pursuant to the requirements of Sections 66.620 and 66.630 ... during or shortly after November, 1989.

\* \* \*

29. That [Director] has failed and continues to fail to distribute to [Ellisville] and the twenty-six (26) other similarly deprived Respondent St. Louis County cities, villages and towns listed in Exhibit "C" (Kirkwood, Maplewood, Olivette, Jennings, Creve Coeur, Ladue, Crestwood, Pagedale, Bridgeton, Eureka, St. Ann, Hazelwood, Sunset Hills, Breckenridge Hills, Peerless Park, Grantwood, Valley Park, Edmundson, Bella Villa, Charlack, Rock Hill, Glendale, St. John, Pacific, and Glen Echo Park) the full amounts of the sales tax revenue to which they are entitled for the period April, 1988, through November,

1989, pursuant to Sections 66.620 and 66.630....

30. That by distributing sales tax revenue during the period of April, 1988, through November, 1989, without regard to the duly enacted Section[s] 66.620 and 66.630 ..., [Director] has improperly enriched numerous municipalities and political subdivisions of the State of Missouri within the County of St. Louis in amounts set forth in Exhibit "C" and a January 3, 1992, letter from the office of the Attorney General of the State of Missouri to Donald Kenneth Anderson, Jr., City Attorney for the City of Ellisville, Missouri....

\* \* \*

32. That despite the acknowledged failure of [Director] to distribute sales tax revenue pursuant to Sections 66.620 and 66.630 ... during the period from April, 1988, through November, 1989, said [Director] has maintained and continues to maintain that [Ellisville] is not entitled to a full and complete distribution of its lawful share of the sales tax revenue collected for said period.

\* \* \*

35. That [Ellisville] requests this Honorable Court enter its order declaring the rights of [Ellisville] and Respondents to sales tax revenue during the period from April, 1988, through November, 1989, under Sections 66.620 and 66.630 ..., and in so declaring, order distribution of such tax revenue to adjust prior erroneous unlawful distributions.

WHEREFORE, [Ellisville] prays for judgment on its Second Amended Petition as follows:

1. An Order declaring the rights of [Ellisville] to sales tax revenue during the period from April, 1988, through November, 1989, pursuant to Sections 66.620 and 66.630....

2. An Order requiring [Director] ... to pay [Ellisville] and other aggrieved St. Louis County cities, towns, and villages, prospectively the full amount of sales tax revenue collected for the period from April

1, 1988, to November, 1989 to which they are entitled pursuant to Sections 66.620 and 66.630 ..., at the expense of those Respondents that have had improper excess and unlawful distributions by [Director] during the period of April 1, 1988, to November, 1989.

\* \* \*

Attached to its second amended petition, Ellisville provided the following Exhibits: (A) a certified copy of the election results for a .275 cent sales tax in St. Louis County that was rejected by St. Louis County voters and, therefore, demonstrated that the Special Election did not negate distribution of the sales tax under Section 66.630; (B) a copy of a letter from the General Counsel of the Department of Revenue to the City of Ellisville acknowledging that the Department of Revenue failed to distribute the distributable sales tax in accordance with Sections 66.620 and 66.630 from April 1, 1988, through November, 1989; (C ) copies of documents listing the amounts of sales tax revenue collected from the period of April 1, 1988, to November, 1989, indicating that Director either underpaid or overpaid various cities, towns, and villages in St. Louis County; (D) a copy of the judgment and order in mandamus issued by the Cole County Circuit Court in the previous action; and (E) a copy of a January 3, 1992, letter from the Office of the Attorney General of the State of Missouri to Donald Kenneth Anderson, Jr., City Attorney for the City of Ellisville, Missouri, setting forth the amounts of money overpaid or owed to the various cities, towns, and villages in St. Louis County.

On August 11, 1993, Crestwood and St. Ann, appellants, filed answers without cross-claims and, beginning on August 19, 1993, the remaining appellants began filing answers and cross-claims alleging that for the period of April 1, 1988, through October 31, 1989, they were underpaid by Director and that other political subdivisions in St. Louis County were overpaid during the same period. Following arguments on various motions to dismiss for lack of venue and motions to transfer, the case was transferred to St. Louis County Circuit Court.

On February 20, 1996, Appellants Bridgeton, Crestwood, Creve Coeur, Eureka, Jennings, Kirkwood, Ladue, Maplewood, and St. Ann filed a motion for summary judgment. Olivette and Peerless Park were also parties to this motion for summary judgment, but have not appealed. Essentially, their motion alleged that from April 1, 1988 through October 31, 1989 Director failed to distribute sales tax and use tax receipts on the sale of motor vehicles, trailers, boats and outboard motors in St. Louis County in accordance with Section 66.630 as amended by House Bill 210. In support of their motion, Bridgeton and the other parties submitted the following exhibits: (1) a copy of Ellisville's petition for a writ of mandamus; (2) a copy of the Cole County Circuit Court's judgment and order in mandamus; and (3) a portion of the transcript on appeal in the mandamus action containing the testimony of State Representative Joseph Treadway concerning House Bill 210, which he introduced.

On March 13, 1996, St. Louis County moved to dismiss the cross-claims of Breckenridge Hills, Bridgeton, Creve Coeur, Crestwood, Eureka, Frontenac, Grantwood Village, Hazelwood, Jennings, Kirkwood, Ladue, Maplewood, Olivette, Pacific, Pagedale, Peerless Park, Rock Hill, St. Ann, St. John, Sunset Hills, and Valley Park for failure to commence action within the three-year period of limitations. On April 1, 1996, Director moved to dismiss or, in the alternative, for summary judgment upon the cross-claims on the basis of sovereign immunity and the three-year statute of limitations as incorporated by reference to her suggestions in opposition to Ellisville's and other cross-claimants' motions for summary judgment. Other municipalities filed motions to dismiss based on Director's motion. On July 15, 1997, the City of Ellisville voluntarily dismissed its second amended petition for declaratory judgment with prejudice. On December 11, 1996, the Circuit Court of St. Louis County entered judgment, dismissing all of the cross-claims for failure to commence the actions within the three-year statute of limitations set out in Section 516.130. On December 31, 1996, the trial judge denied the motions for summary judgment filed by the cross-claiming municipalities.

■ In their first point on appeal, appellants contend the trial court erred in enter-

ing judgment in favor of defendants St. Louis County, the Missouri Director of Revenue (Director), and all other respondents and against appellant cities on the ground that the three-year statute of limitations set out in Section 516.130 barred their claim because the applicable limitations period is five years, as provided in Section 516.120(1) and (2), for actions upon obligations or liabilities or upon a liability created by statute and the appellant's claims were timely under Section 516.120.

The trial court applied Section 516.130, which provides in pertinent part:

516.130. What actions within three years

Within three years:

(1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise;

\* \* \*

The municipalities urge this court to apply either Section 516.120(1) or (2):

516.120. What actions within five years

Within five years:

(1) All actions upon contracts, obligations, or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;

(2) An action upon a liability created by a statute other than a penalty or a forfeiture;

\* \* \*

■ The dispositive issue is which statute of limitations is applicable. Statutory construction is a question of law, not fact. *State v. Ruch,* 926 S.W.2d 937, 938 (Mo.App. 1996). When construing statutes, courts must endeavor to ascertain the intent of the legislature from the language used and, if possible, give effect to that intent. *Id.* Legislative intent should be determined by considering the plain and ordinary meaning of the

terms in the statute. *Id.* Each word, clause, sentence, and section of a statute should be given meaning wherever possible. *Id.*

■ Where two separate statutes deal with the same subject matter, the two must be read together and harmonized and force must be given to the provisions of each. *State ex.rel. Chicago, Rock Island & Pacific Railroad Co. v. Public Service Commission,* 441 S.W.2d 742, 746[2,3] (Mo.App.1969). The provisions of a more specific statute should be applied rather than the provisions of a more general statute. *Id.*

The plain language of Section 516.120.1 demonstrates that it is a general statute in that it applies to "All actions upon contracts, obligations or liabilities, express or implied ... except where a different time is herein limited", whereas Section 516.120.2 is more specific in that it applies to "an action upon a liability created by statute other than a penalty or forfeiture." However, Section 516.130.1 is the more specific statute in this particular factual situation as it applies to an action against a "sheriff, coroner or other officer upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise."

Naturally, the question arises whether Director would be included within the phrase "or other officer." In *State ex rel. School District of Sedalia v. Harter,* 188 Mo. 516, 87 S.W. 941, 943 (1905), our Supreme Court first addressed the meaning of the phrase "or other officer" in the context of Section 516.130.1, (formerly Rev. St. 1899, Section 4274). In *Harter,* the Sedalia School District brought an action against Harter, the treasurer of the school district, and other defendants who were sureties for a $20,000 bond executed to the school district by Harter pledging surety to the school district in case of financial loss caused by Harter's negligence. The alleged act of negligence by Harter occurred in November 1889 and the school district did not file their petition until November 1898. The point most strenuously discussed by the court was whether the action was governed by the three-year statute of limitations, Rev. St. 1899, Section 4274 (now Section 516.130.1), or the ten-year statute of limitations, Rev. St. 1899, Section 4272.

In finding that the three-year statute of limitations was the most applicable statute, our Supreme Court reasoned:

> A public office is defined to be the "right, authority, and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is vested with some portion of the sovereign function of the government, to be exercised by him for the benefit of the public." Mechem, Pub. Offices, 1. The individual who is invested with the authority and is required to perform the duties is a public officer.

*Harter,* 87 S.W. at 943. Applying these principles, our Supreme Court held that the treasurer of a school district performed "some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public" and was therefore a "public officer" within the meaning of the law. *Id.* at 943–44. The court further held that "there is no 'other officer' of the same class, kind, or character as a sheriff or coroner except a constable, and the term 'other officer,' employed in the section, could not have referred to a constable" because there was a separate statute of limitations governing the time within which actions against constables must be commenced. *Id.* at 944. The court concluded that Rev. St. 1899, Section 4274 (Section 516.130.1), applied to a treasurer of a school district and barred "a civil action against him and his sureties on his official bond 'upon a liability incurred by the doing of an act in his official capacity, or in virtue of his office, or by the omission of an official duty,' " etc.; and "as the failure of duty specified in the petition must have occurred ... during Harter's term of office, which expired on the 1st of January, 1890, and as this action was not begun until the 11th of October, 1898, the action [was] barred by the [three-year statute of limitations]." *Id.* at 945.

Five years after *Harter,* our Supreme Court applied the three-year statute of limitations in an action against the sureties of the bond of a state officer, the treasurer of State Hospital No. 1, in *State ex rel. Bell v. Yates,* 231 Mo. 276, 132 S.W. 672 (1910). In *Yates,* our Supreme Court noted that three-year statute of limitations, Rev. St.1909, Sec-

tion 1890 (formerly Rev. St. 1899, Section 4274, now Section 516.130.1), applied to an action "against a sheriff, coroner, or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise." The court further noted that its decision in *Harter,* 188 Mo. 516, 87 S.W. 941, et seq., removed the question from the realm of debate by holding that the doctrine of ejusdem generis did not apply to the phrase "other officer," and that such term was broad enough to ·include all persons measuring up to the definition of a statutory officer. *Yates,* 132 S.W. at 673.

In its second amended petition on which all other petitions are based, Ellisville specifically pleaded that Director: (1) was charged with the duty of distributing monthly to various municipalities in St. Louis County twenty-five (25%) percent of the distributable sales tax revenue collected by Director under the provisions of Sections 66.620 and 66.630; (2) had collected the sales tax provided for by Sections 66.620 and 66.630 since April 1, 1988, and continues to do so; and (3) disbursed sales tax revenue, during the period of April 1, 1988, through November, 1989, in a manner inconsistent with the provisions of Sections 66.620 and 66.630. Applying the principles set forth in *Harter* and *Yates* to the facts in this case, it is evident that Director, a statutory officer under Article IV, Section 22, of the Missouri Constitution and Section 32.010, was performing "some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." Sections 66.600 to 66.630 authorized Director to collect and distribute sales taxes on behalf of St. Louis County at that time. Therefore, Director comes within the designation of "other officer" within the meaning of Section 516.130.1.

■ The gravamen or "a fair reading of the complaint in its totality" will determine the applicable statute of limitations to be applied. *Wenthe v. Willis Corroon Corp.,* 932 S.W.2d 791, 796 (Mo.App. E.D.1996). Since Director is an "officer" within the meaning of Section 516.130.1 and appellants pleaded that her failure to properly distribute taxes she collected was an omission of

her duty to distribute taxes in accordance with Sections 66.620 and 66.630, the three-year statute of limitations, Section 516.130.1, is the applicable statute of limitations to be applied. Accordingly, their first point is denied.

As our resolution of appellants' first point disposes of the issues on appeal, it is not necessary to address appellants' second point on appeal. In light of our disposition of appellants' first point on appeal, the motions of respondent St. Louis County and other respondent municipalities to dismiss Eureka, Peerless Park, Crestwood, Kirkwood, and St. Ann, which were ordered taken with the case are denied.

JUDGMENT AFFIRMED.

ROBERT G. DOWD, Jr., P.J., and HOFF, J., concur.