STATE of Missouri, ex rel. Jeremiah
W. (Jay) NIXON, Attorney
General, Relator,

v.

The Honorable Michael T. JAMISON,
Associate Circuit Judge, Twenty–First
Judicial Circuit, Respondent.

No. ED 82229.

Missouri Court of Appeals,
Eastern District,
Division Six.

April 8, 2003.

Jeremiah W. Nixon, Atty. Gen., David F. Barrett, Jefferson City, MO, for appellant.

Richard B. Hein, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Relator, the State of Missouri ("the state") seeks a permanent writ of mandamus following the judgment of the trial court suspending imposition of sentence of Municorp Medical Management Services, Inc. ("Municorp") and Robert Salter ("Salter") (collectively referred to herein as "defendants") on their guilty pleas to class A misdemeanor criminal charges of failure to insure under the Workers' Compensation Act in violation of section 287.128.5 RSMo (2000).[1] The state asserts that the trial court failed to impose the penalty required by section 287.128.5, and a writ of mandamus compelling the trial court to impose such penalty is proper. Our preliminary writ of mandamus is made absolute.[2]

Municorp and Salter, president and owner of Municorp, were charged with failure to insure under the Workers' Compensation Act. Salter and Municorp appeared and entered pleas of guilty to the charges pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The pleas were accepted and the trial court suspended the imposition of sentence and placed Salter and Municorp on probation for two years, under certain conditions. However, no penalty pursuant to section 287.128.5 was imposed. Section 287.128.5 states, in relevant part, that "[a]ny employer failing to insure his liability pursuant to this chapter shall be guilty of a class A misdemeanor and, in addition, shall be liable to the state of Missouri for a penalty in an amount equal to twice the annual premium the employer would have paid had such employer been insured or twenty-five thousand dollars, whichever amount is greater." The state filed its petition in mandamus or, in the alternative, petition in prohibition, requesting that a writ of mandamus compelling the trial court to impose the penalty required by the statute be granted.

■ Initially, Municorp and Salter argue that the state's request for a writ of mandamus must be denied because mandamus is not the appropriate remedy. Defendants claim that the state did not afford the trial court the opportunity to address the issue of the penalty because it did not specifically request that the penalty be imposed. Additionally, Municorp and Salter argue that since other ordinary alternative remedies exist, mandamus is not appropriate. The state contends it raised the issue of the mandatory penalty in off-the-record discussions of counsel with the trial judge, in the testimony of the director of the division of workers' compensation, and in the proposed judgments. The proposed sentences and judgments each contain an imposition of a "fine" of a rounded figure of double the amount of the yearly premium paid for workers' compensation insurance. The document submitted is a prepared form which uses the word "fine." The state did not specifically clarify their

---

1. All further statutory references are to RSMo (2000) unless otherwise indicated.

2. Defendants' requests that the statement of facts and brief of the state be stricken are denied.

intent that the amount be considered a "penalty." However, we are satisfied that the request for an amount of roughly double the yearly premium, coupled with the representations of counsel that the trial court was made fully aware that the state was requesting the statutory penalty provided by section 287.128.5 be imposed against defendants, is evidence that the court was afforded an opportunity to impose the penalty and did not do so. Therefore, we believe mandamus is appropriate in this case as no appeal and no additional remedy is available to the state.

In its sole point relied on, the state claims that section 287.128.5 requires the imposition of a penalty of either double the amount of the yearly premium paid for workers' compensation insurance, or $25,000, whichever is greater, and the court failed to impose such a penalty upon defendants. Defendants argue that no such penalty can be assessed because the court suspended imposition of defendants' sentences. They assert that the imposition of a sentence is a prerequisite to the assessment of a penalty under section 287.128.5. We disagree.

In the present case, defendants pleaded guilty to failure to insure workers' compensation liability. The court suspended the imposition of sentence against defendants. However, this does not preclude assessment of the penalty mandated by section 287.128.5. As discussed above, the statute provides, in relevant part, that "[a]ny employer failing to insure his liability pursuant to this chapter shall be guilty of a class A misdemeanor and, in addition, shall be liable to the state of Missouri for a penalty in an amount equal to twice the annual premium the employer would have paid had such employer been insured or twenty-five thousand dollars, whichever

amount is greater." The statute is not premised upon the sentencing of an employer for failure to insure his workers' compensation liability, but rather it is premised upon the guilt of such employer. Upon a finding of guilt for failure to insure liability, or as in the present case, a plea of guilty, a defendant becomes liable for both any potential sentence for a class A misdemeanor, as well as the statutory penalty.

In the present case, there is no dispute as to the guilt of defendants for failure to insure their workers' compensation liability. They have admitted this failure, and pleaded guilty to the charge of such failure. The court acted in its discretion in suspending the imposition of sentence against defendants. Pursuant to section 287.128.5, the statutory penalty must be assessed against defendants, based on their admission of guilt, regardless of any suspended imposition of the sentence imposed on the criminal charge. In *State v. Plastec, Inc.,* 980 S.W.2d 152 (Mo.App. 1998), this court considered an argument that the trial court has discretion under section 287.128.5 to impose a penalty or to impose no penalty at all. We determined that the legislature "did not intend to grant discretion in the application of [section 287.128] subsection 5." Based upon the guilty pleas of defendants, the penalty must be assessed, regardless of the suspended imposition of sentence.[3]

The preliminary writ of mandamus is made absolute, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

PAUL J. SIMON and WILLIAM H. CRANDALL JR., JJ., concur.

---

**3.** The state conceded at oral argument before this court that the liability of the individual and corporate defendants for the statutory penalty is joint and several.